# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3013 | DATE | 7/27/2000 |
| CASE TITLE | Kruempelstaedter, et al vs. Sonesta International Hotels, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, the Kruempelstaedters' motion to remand is granted. (15-1) The remaining motions for summary judgment (7-2,10-2,13-1), to dismiss, (7-1,10-1), and to transfer, (7-3), are all denied without prejudice as moot with full renewal rights in state court. All pending motions are terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 8 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | SB docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TP | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES KRUEMPELSTAEDTER and ELAINE KRUEMPELSTAEDTER<br><br>Plaintiffs,<br><br>v.<br><br>SONESTA INTERNATIONAL HOTELS CORP., GATE 1 LTD., and HOUSE OF TRAVEL INTERNATIONAL, INC.<br><br>Defendants. | No. 00 C 3013<br><br>Judge Ruben Castillo |

DOCKETED
JUL 28 2000

## MEMORANDUM OPINION AND ORDER

James and Elaine Kruempelstaedters ("Kruempelstaedters"), Illinois citizens who were cruise ship passengers, filed this lawsuit in the Circuit Court of Cook County asserting that Sonesta International Hotels, the owner of the cruise line *Sonesta Sun Goddess* ("Sonesta"); House of Travel International, an Illinois travel agency ("HOTI"); and Gate 1 Limited, a tour operator ("Gate 1"), are liable for injuries James suffered while on a cruise vacation. Gate 1 removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The Kruempelstaedters now ask us to remand the case back to state court. Because the Kruempelstaedters can state a cause of action against HOTI, an Illinois corporation, in state court, we grant the plaintiffs' motion to remand.

### RELEVANT FACTS

The Kruempelstaedters went on vacation to the Mediterranean Sea. Their travel agent, HOTI, booked them on a tour known as the "Nile Legacy." Gate 1 packages and arranges the

various components of the "Nile Legacy tour," which includes a five-day cruise aboard the *Sonesta Sun Goddess*. During the cruise, James Kruempelstaedter swam in the pool on the top deck of the cruise ship. Afterwards, he walked barefoot on the stairway leading to the deck below and severely burned his feet.

The Kruempelstaedters initially filed this action in state court claiming that Sonesta, Gate 1, and HOTI are liable for James' injuries because they failed to investigate and warn him that surfaces of the ship could become hot if exposed to the sun. Gate 1 removed this case, arguing diversity jurisdiction under 28 U.S.C. § 1332. Gate 1 contends that HOTI's residency should be disregarded because HOTI was fraudulently joined. The Kruempelstaedters maintain that HOTI was not fraudulently joined because they have alleged a valid cause of action against HOTI. Thus, according to the Kruempelstaedters, we lack jurisdiction under § 1332 and must remand the case to state court.

## ANALYSIS

Under federal law, diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 877 (7th Cir. 1999); *Hoosier Energy Rural Elec. Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). In determining whether there is diversity, fraudulently joined parties are disregarded. *Gottlieb*, 990 F.2d at 327. Fraudulent joinder occurs when no possibility exists that the plaintiff can state a cause of action against the nondiverse defendants in state court. *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 688 (7th Cir. 1998).

Under Illinois law, HOTI, as a travel agent, owed certain duties to the Kruempelstaedters. A travel agent is a special agent, akin to a broker, which engages in a single business transaction

with the principal. *United Airlines, Inc. v. Lerner*, 410 N.E.2d 225, 228 (Ill. App. Ct. 1980). Like every agent, a travel agent owes duties to its principal. *Id.* For example, a travel agent must disclose all information material to the agency. *Id.*

Gate 1 contends that the Kruempelstaedters are involved in a "fishing expedition" and cannot possibly state a cause of action against HOTI. We disagree. Under *Lerner*, HOTI could possibly have breached its fiduciary duties to the Kruempelstaedters when it failed to inform them about the conditions on the cruise ship *Sonesta Sun Goddess*. *Lerner* imposes a general fiduciary duty on HOTI towards the Kruempelstaedters. This Court does not need to address whether the Kruempelstaedters can ultimately succeed in their suit against HOTI. The Kruempelstaedters' claim against HOTI is sufficient for this Court to conclude that HOTI's joinder was not fraudulent. Therefore, Gate 1's removal was improper, and this action must be remanded to state court.

## CONCLUSION

For the foregoing reasons, the Kruempelstaedters' motion to remand is granted. (R. 15-1.) The remaining motions for summary judgment, (R. 7-2, 10-2, and 13-1), to dismiss, (R. 7-1, 10-1), and to transfer, (R. 7-3), are all denied without prejudice as moot with full renewal rights in state court.

ENTERED:

Judge Ruben Castillo
United States District Judge

Date: July 27, 2000